FILED

JUN - 2 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
              DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | No. SA-10-CR-614-XR |
| | § | |
| MELVIN DAVID TOWNS, JR. | § | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; you, the jury, are the other judge. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. I have completed that responsibility. It is also my duty now, at the end of the trial, to explain to you the rules of law that you must follow and apply in arriving at your verdict. As I have said, you are the other judge – the judge of the facts. It will be your duty to find from the evidence what the facts are.

### GENERAL AND SPECIFIC INSTRUCTIONS

In performing my second duty to explain the rules of law, I will first give you some general instructions that apply in every case, such as instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### DUTY TO FOLLOW INSTRUCTIONS

As I mentioned before, you, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you. You have no right to disregard or give special

1

attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. You are to decide this case only on the evidence that has been admitted during trial. That was the promise you made and the oath you took before being accepted by the parties as jurors, and the parties have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE

Defendant has been charged by the government with a violation of federal law. The indictment is simply a description of the charge made by the government against the defendant. It is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The presumption of innocence means that the defendant will start the trial with a clean slate. In other words, I instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt. Unless you are satisfied beyond a reasonable doubt that the defendant is guilty, the presumption alone is sufficient to find him not guilty.

## BURDEN OF PROOF

The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's

proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## EVIDENCE - EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you

should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

### EVIDENCE--INFERENCES--DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

### SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give them only such weight as you think they deserve.

### CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about

the testimony of the witnesses, including the defendant, who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## CHARACTER EVIDENCE

When a defendant has offered evidence of good general reputation for truth and veracity, or honesty and integrity, or as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily

5

involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## IMPEACHMENT BY PRIOR CONVICTION
## (WITNESS OTHER THAN DEFENDANT)

You have been told that Michael Sanders and Joey James West were convicted of drug offenses. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony.

It is not evidence of anything else.

### ACCOMPLICE--CO-DEFENDANT--PLEA AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice, with whom the government has entered into a plea agreement providing for the dismissal of some charges and a lesser sentence than other accomplices or co-defendants would otherwise be exposed to for the offense to which the co-defendants plead guilty. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

### "ON OR ABOUT"

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

### "KNOWINGLY"

The word "knowingly," as that term is used in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident. Intent ordinarily may not be proved

7

directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a defendant's intent from the surrounding circumstances. You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate his state of mind. You may consider it reasonable to draw the inference and find that a person intends the natural consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence.

## CAUTION-CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CONTROLLED SUBSTANCE - CONSPIRACY

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, in Count One, the Defendant is charged with conspiring to manufacture a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and to possess and distribute a listed chemical, as defined in Title 21, United States Code, Section 802, specifically, pseudoephedrine, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture methamphetamine, a Schedule II controlled substance, in a manner other than as authorized by law, and in violation of Title 21, United States Code, Section 846.

The conspiracies alleged by the government in the indictment involve the manufacture of

8

methamphetamine and the possession and distribution of pseudoephedrine.

Title 21, United States Code, Section 841(a)(1), makes it a crime for anyone knowingly or intentionally to manufacture a controlled substance. Methamphetamine is a controlled substance. For a defendant to be found guilty of this crime, the government must prove:

First: that the defendant manufactured methamphetamine;

Second: that the defendant intended to manufacture a controlled substance; and

Third: that the substance manufactured was a quantity of a mixture or substance containing a detectable amount of methamphetamine.

The term "manufacture" means the production, preparation, propagation, compounding, or processing of a drug or other substance either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis.

Title 21, United States Code, Section 841(c)(2), makes it a crime for anyone knowingly or intentionally to distribute or possess a listed chemical knowing, or having reasonable cause to believe, it will be used to manufacture a controlled substance. Pseudoephedrine is a listed chemical within the meaning of this law and, as noted, methamphetamine is a controlled substance.

For a jury to find a defendant guilty of this crime, a jury must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: that the defendant knowingly distributed or possessed pseudoephedrine;

Second: that the substance was in fact pseudoephedrine; and,

Third: that the defendant distributed or possessed the pseudoephedrine knowing, or having reasonable cause to believe, it would be used to manufacture methamphetamine.

As noted, Defendant Melvin David Towns, Jr. is charged with conspiracy. A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the Defendant guilty of the crime of conspiracy under 21 U.S.C. section 846, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: that two or more persons, directly or indirectly, reached an agreement to manufacture methamphetamine or to possess and distribute pseudoephedrine knowing and having reasonable cause to believe that it would be used to manufacture methamphetamine;

*Second*: that the Defendant knew of the unlawful purpose of the agreement; and

*Third*: that the Defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

You may find that the Defendant conspired to achieve one or both of the listed objectives.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were

actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

You may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

## CAUTION--PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count One.

Count One of the indictment accuses the defendant of committing the crime of conspiracy in two different ways. The first is that the defendant conspired to manufacture methamphetamine. The second is that the defendant conspired to possess and distribute pseudoephedrine knowing, or

having reasonable cause to believe, it would be used to manufacture methamphetamine.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all twelve of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to manufacture methamphetamine; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant conspired to possess and distribute pseudoephedrine knowing, or having reasonable cause to believe, it would be used to manufacture methamphetamine.

### DUTY TO DELIBERATE--VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the

courtroom. A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal or courtroom security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

It is so ORDERED.

SIGNED this 2nd day of June, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Criminal Action No. SA-10-CR-614-XR |
| | § | |
| MELVIN DAVID TOWNS, JR., | § | |
| | § | |
| *Defendant.* | § | |

**VERDICT**

ON COUNT ONE, We, the Jury, find the Defendant, MELVIN DAVID TOWNS, JR,

_____.
("Guilty" or "Not Guilty")

If you answered the above "Guilty", do you find that the overall scope of the conspiracy to manufacture a controlled substance involved 500 grams or more of methamphetamine? Answer "Yes" or "No": _____

Signed on:

_____.          _____
DATE                                                              Foreperson

FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2011 APR -6 AM 11:43

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. SA-10-CR-614-XR |
| | ) | **S U P E R S E D I N G** |
| Plaintiff, | ) | **I N D I C T M E N T** |
| v. | ) | |
| | ) | [Vio.: 21 U.S.C. § 846: |
| MELVIN DAVID TOWNS, JR. | ) | Conspiracy to Manufacture |
| | ) | Methamphetamine; 21 U.S.C. § |
| | ) | 846: Conspiracy to Possess and |
| Defendant. | ) | Distribute Pseudoephedrine.] |

THE GRAND JURY CHARGES:

### COUNT ONE
### [21 U.S.C. § 846]

That beginning on or about January of 2008, the exact date unknown to the Grand Jury, and continuing until on or about March of 2010, the exact date unknown to the Grand Jury, in the Western District of Texas and divers other places, Defendant,

**MELVIN DAVID TOWNS, JR.,**

and others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree together and with one another to manufacture a controlled substance, which offense involved 500 grams or more of methamphetamine, a Schedule II Controlled Substance, and to possess and distribute a listed chemical, as defined in Title 21, United States Code, Section 802, specifically, pseudoephedrine, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture methamphetamine, a Schedule II

1

controlled substance, in a manner other than as authorized by Title 21, United States Code, Sections 801 through 971, contrary to Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(c)(1) and 841(c)(2), and in violation of Title 21, United States Code, Section 846.

## OBJECTS OF THE CONSPIRACY

Methamphetamine is a Schedule II Controlled Substance which is unlawfully manufactured by means of chemical synthesis. One of the manufacturing processes commonly utilized in the unlawful production of methamphetamine requires as an immediate precursor the List I Chemical pseudoephedrine. Pseudoephedrine is a common ingredient in over-the-counter cold, flu, sinus, and allergy medications which are legally sold without prescription. Quantities of the pseudoephedrine contained in these over-the-counter medications are often utilized by individuals engaged in the unlawful manufacture of methamphetamine as the immediate precursor in order to produce methamphetamine. In order to control the misuse of pseudoephedrine as an ingredient for the illegal manufacture of methamphetamine, Federal government regulations limit the quantity of these medications an individual can purchase on any one occasion or during a given time period and also prescribe that the commercial vendors who sell these medications identify the purchasers and maintain records of these sales. So that the Defendants could successfully produce commercial

2

quantities of methamphetamine, it was necessary that the Defendants acquire the above described medications so that the pseudoephedrine contained therein could be extracted and utilized as an ingredient to manufacture the methamphetamine.

### MANNER AND MEANS

During the course of the conspiracy, the Defendant, and others acting in concert with him, aided and abetted each other in order to facilitate the production of commercially distributable quantities of methamphetamine. Defendants made numerous purchases of over-the-counter medications containing pseudoephedrine and then provided them to their con-conspirators. This pseudoephedrine was then utilized in the manufacture of the methamphetamine. The Defendant furthered this conspiracy as follows:

1. Between January of 2008 and March of 2010, MELVIN DAVID TOWNS, JR. purchased in excess of 100 grams of pseudoephedrine which were used by him and others to manufacture methamphetamine;

2. During the course of the conspiracy, on various and regular

3

occasions, MELVIN DAVID TOWNS, JR., aided and abetted by others, manufactured quantities of methamphetamine.

A TRUE BILL.



FOREPERSON

JOHN E. MURPHY
United States Attorney

By: *Charlie Strauss* (signature)
CHARLIE STRAUSS
Assistant United States Attorney

4